MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Shaun Moreno, | No. CV 11-2333-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| CJ Beddome, et al., | |
| Defendants. | |

Plaintiff Oscar Shaun Moreno, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) regarding the conditions of his confinement in the Maricopa County Fourth Avenue Jail, and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will order Defendants Beddome, Downs, Garitson, and Maricopa County to answer Count One of the Complaint and will dismiss Count Two and the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.71. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

**TERMPSREF**

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

In his two-count Complaint, Plaintiff sues the following Defendants: Maricopa County; Correctional Health Services; Maricopa County Sheriff Joseph Arpaio; Appeals Officers CJ Beddome, Selethia Downs, and James Garitson; "Medical Staff 1 to 20" at the Maricopa County Fourth Avenue Jail; and "Detention Staff 1 to 20" for the Maricopa County Sheriff's Office.

In Count One, Plaintiff alleges that Defendants violated his Fourteenth Amendment rights regarding his medical care while he was a pretrial detainee. He claims that Defendants acted intentionally and with deliberate indifference to his serious medical needs and that this caused him to suffer "wanton and unnecessary pain" for 58 days. Specifically, Plaintiff contends that his "golfball sized hernia tore through to [his] scrotum and became baseball sized" after he was "denied acc[]ess to a clean toilet and was forced to hold [his] bowels."

Plaintiff alleges that "medical staff" refused to see him because "[i]t was just a[] hernia." He claims that when he was seen by a doctor, the doctor referred him for immediate surgery, but the referral was denied. He contends that he received largely ineffectual pain medication and "was denied medical care on many occasions." He also alleges that Defendant Correctional Health Services let his medication "run out on more than one occasion" and "let Plaintiff suffer excruciating pain." Plaintiff claims that by the time he was taken to the hospital for a consultation, his hernia had increased to the size of a softball and that his pain had increased so severely he needed to be transported by wheelchair because it hurt to walk more than 10 to 15 feet.

Plaintiff contends that Defendant Arpaio and Detention Staff have created an "official culture" in the Maricopa County Jails to deny and delay medical care, with the expectation that inmates will either stop complaining, be released, or be transferred to the state prison system. Plaintiff alleges that Defendant Maricopa County has ensured that this policy of denying and delaying medical case is implemented by indemnifying Defendant Arpaio and

- 3 -

1  by "paying for the defen[s]e claims against him." Plaintiff claims that Defendants Beddome,
2  Downs, and Garitson had the "power and authority and duty" to ensure that Plaintiff's
3  surgery was performed sooner and that he did not suffer unnecessarily, but they did not do
4  so because of the policy of delaying and denying medical care and because they wanted to
5  "preserve their contracts."

In Count Two, Plaintiff alleges that the same conduct described in Count One also violates his Eighth Amendment rights.

In his Request for Relief, Plaintiff seeks monetary damages.

**IV.  Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated deliberate indifference claims against Defendants Maricopa County, Beddome, Downs, and Garitson. The Court will require these Defendants to answer Count One.

**V.  Failure to State a Claim**

**A.  Defendant Arpaio**

Defendant Maricopa County, not Defendant Arpaio, is responsible for providing medical care to county jail inmates. See Ariz. Rev. Stat. § 11-291(A). Thus, the Court will dismiss without prejudice Defendant Arpaio.

**B.  Defendant Correctional Health Services**

Defendant Correctional Health Services is an improper Defendant. Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978). Because Defendant Correctional Health Services is an administrative subdivision of Maricopa County and not a municipal corporation, a local governing body, or a private corporation, it is not a "person" amenable to suit under § 1983. Because Defendant Maricopa County is responsible for providing medical care to county jail inmates, an action concerning a county policy must be brought against the county itself and not against an administrative subdivision of the county. Thus, the Court will dismiss Defendant Correctional Health Services.

## C. Defendants Medical Staff and Detention Staff

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff has asserted vague and conclusory allegations against two groups of unnamed Defendants. This is insufficient. Therefore, the Court will dismiss without prejudice the Defendants Medical Staff and Detention Staff.

## D. Count Two

Plaintiff was a pretrial detainee when he was confined in the Fourth Avenue Jail. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Therefore, the Court will dismiss Count Two as duplicative.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

1     **B.**     **Address Changes**

2     Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.**     **Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.**     **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.71.

(3)     Count Two and Defendants Arpaio, Correctional Health Services, Medical Staff 1 to 20, and Detention Staff 1 to 20 are **dismissed** without prejudice.

(4)     Defendants Maricopa County, Beddome, Downs, and Garitson must answer Count One of the Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Maricopa County, Beddome, Downs, and Garitson.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and/or Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the

1 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
2 | Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Maricopa County, Beddome, Downs, and Garitson must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 6th day of December, 2011.

_____
David G. Campbell
United States District Judge