**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Shaun Moreno, | No. CV 11-2333-PHX-DGC (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| CJ Beddome, et al., | |
| Defendants. | |

Plaintiff Oscar Shaun Moreno brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County and three employees of the Fourth Avenue Jail (Doc. 1). Before the Court is Defendants' fully-briefed Motion to Dismiss (Doc. 16). The Court will deny the motion.

**I.    Background**

Plaintiff's claim arose during his confinement as a pretrial detainee in Maricopa County's Fourth Avenue Jail. Plaintiff alleged that in late June 2011, a small golf-ball-sized hernia tore and became baseball-sized, causing extreme pain (id. at 3 ¶ 1). Plaintiff claimed that when he eventually saw a medical provider, immediate surgery was recommended but was not provided (id. ¶ 2). Further, he averred that he was denied medical care and Correctional Health Services allowed his pain medication to run out on more than one occasion (id.). Plaintiff claimed that because of the delay in receiving treatment he suffered increasing pain and his hernia became softball-sized (id. ¶ 3). Plaintiff alleged that Defendants had the power and authority to ensure he received the necessary hernia surgery,

1 but they failed to act (id. ¶ 5).  With respect to Maricopa County, Plaintiff asserted that a
2 policy exists which is designed to deny and delay medical care to inmates.  Plaintiff sought
3 compensatory and punitive damages (id. at 6 ¶ 1).

4 The Court ordered Defendants Beddome, Downs, Garitson, and Maricopa County to
5 respond to the (Doc. 5).[1]  They move to dismiss for failure to state a claim (Doc. 16).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  Johnson v. Riverside Healthcare System LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1950 (2009).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the facts pled allow the court to make the reasonable inference that the defendant is liable.  Iqbal, 129 S. Ct. at 1949.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In determining whether a complaint states a claim under this standard, the allegations in the complaint must be construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  Pro se pleadings, "however inartfully pleaded," must be held to a less stringent standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington

---

[1]Upon screening pursuant to 28 U.S.C. § 1915A(a), the Court dismissed Count II for failure to state a claim and Defendant Arpaio, Correctional Health Services, Medical Staff 1 to 20, and Detention Staff 1 to 20 as Defendants (Doc. 5).

- 2 -

1  County, 88 F.3d 804, 807 (9th Cir. 1996).  The rule of liberal construction of pleadings is
2  "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th
3  Cir. 1992).

4  Finally, a motion to dismiss under Rule 12(b)(6) is almost never an appropriate
5  response when the court has already screened a prisoner complaint pursuant to 28 U.S.C.
6  §1915A(b) and directed the defendant to respond.  The standard for dismissal under Rule
7  12(b)(6) ("failure to state a claim upon which relief can be granted") is identical to the
8  standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be
9  granted").  After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule
10  12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that
11  reconsideration is appropriate.

12  Motions for reconsideration should be granted only in rare circumstances.  Defenders
13  of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with
14  a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels
15  Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Nor is reconsideration to be used to ask the
16  court to rethink what it has already thought through.  United States v. Rezzonico, 32 F.
17  Supp.2d 1112, 1116 (D. Ariz. 1998).  Reconsideration is only appropriate if the district court
18  "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
19  decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
20  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
21  "No motion for reconsideration shall repeat in any manner any oral or written argument made
22  in support of or in opposition to the original motion."  Motorola, Inc. v. J.B. Rodgers
23  Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

24  **III.   Analysis**

25  Defendants' primary contention is that grievances filed by Plaintiff and the
26  Correctional Health Service's grievance policy show that no deliberate indifference occurred
27  (Doc. 16 at 5-13).  The motion is essentially a motion for summary judgment.  Defendants
28  argue that the grievances and grievance policy were necessarily incorporated by reference

- 3 -

in Plaintiff's Complaint and can be relied on in granting their motion to dismiss, but a careful review of Plaintiff's pleading reveals no mention of these documents (Doc. 1 at 3-A ¶ 5). Moreover, the documents require interpretation and analysis, unlike the SEC documents at issue in the case cited by Defendants. See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Defendants themselves underscore this point by engaging in more than seven pages of analysis of Plaintiff's medical care on the basis of information found in the grievances. Granting Defendants' motion would require the Court to evaluate the appropriateness of Plaintiff's medical care on the basis of the grievance responses and without the benefit of Plaintiff's medical records or affidavits of medical personnel, and without providing Plaintiff an opportunity to conduct discovery. Defendants' motion to dismiss will therefore be denied.

Defendants alternatively argue that Plaintiff's allegations are insufficient to state a claim of deliberate indifference. As noted, however, the Court has already screened the Complaint under a standard identical to that found in Rule 12(b)(6) and has determined that the Complaint sufficiently states a claim for relief. Moreover, Defendants ignore the requirement that pro se pleadings must be construed liberally. See Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008).

**IT IS ORDERED:**

(1) The reference is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 16).

(2) Defendants' Motion to Dismiss (Doc. 16) is **denied**.

DATED this 2nd day of August, 2012.

_____
David G. Campbell
United States District Judge