**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Shaun Moreno, | No. CV 11-2333-PHX-DGC (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| CJ Beddome, et al., | |
| Defendants. | |

Plaintiff Oscar Shaun Moreno brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County and three employees of the Fourth Avenue Jail (Doc. 1). By order dated December 6, 2011, the Court warned Plaintiff that he must file a Notice of Change of Address if his address changes and that failure to comply may result in the dismissal of this matter (Doc. 5 at 6). Rule 83.3(d) of the Local Rules of Civil Procedure further requires Plaintiff to file a notice of change of address 14 days before the move is effective. Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. On August 10, 2012 and August 23, 2012, two orders that were mailed to Plaintiff's most recent address was returned to the Court as "undeliverable" (Docs. 27, 30). Plaintiff has not notified the Court of his current address.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). It is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address,

and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order Plaintiff to show cause why dismissal was not warranted, the order "would only find itself taking a round trip through the United States mail."  Id.

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile.  The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be

1  unnecessarily harsh.  The Complaint and this action will therefore be dismissed without
2  prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
3      **IT IS ORDERED** that the Complaint and this action are **DISMISSED** without
4  prejudice.  All pending motions are denied as moot and the Clerk of Court is directed to enter
5  judgment accordingly.
6      DATED this 31st day of August, 2012.

*David G. Campbell*
United States District Judge