**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Shaun Moreno,         )<br>                             )<br>     Plaintiff,              )<br>                             )<br>vs.                          )<br>                             )<br>CJ Beddome, et al.,          )<br>                             )<br>     Defendants.            )<br>_____) | No. CV 11-2333-PHX-DGC (SPL)<br><br>**ORDER** |

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County and three employees of the Fourth Avenue Jail (Doc. 1). After two Court Orders were returned as "undeliverable," the Court dismissed this action on August 31, 2012, pursuant to Federal Rule of Civil Procedure 41(b) and the five-factor analysis articulated in Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (Doc. 31).

Plaintiff filed a Notice of Appeal on February 14, 2013 (Doc. 35). The Ninth Circuit indicated that the notice could be construed as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6), and referred the case back to this Court to determine whether Plaintiff has filed a timely motion to reopen the time to appeal and, if so, to rule on the motion (Doc. 39). Because the record does not reveal the dates upon which Plaintiff (1) received notice of the Court's judgment and (2) delivered his motion to reopen to prison officials for mailing, both of which are necessary to resolve the motion to reopen, the Court directed Plaintiff to submit an affidavit providing that information (Doc. 40).

Plaintiff filed the requested affidavit, indicating that he learned of the Court's judgment in the "beginning of January 2013" and his motion to reopen was filed "on February 14, 2013" (Doc. 41).

A court has authority to reopen the time to file a notice of appeal only if three conditions are satisfied: (1) the moving party did not receive notice of the entry of the judgment within 21 days after entry; (2) the motion is filed within 180 days after the judgement is entered or within 14 days after the moving party receives notice of the entry of judgment under Federal Rule of Civil Procedure 77(d), whichever is earlier; and (3) the court finds that no party would be prejudiced. These conditions are jurisdictional and the Court has no authority to grant an extension if they are not satisfied. Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994).

The first condition is satisfied because the record confirms that Plaintiff did not receive notice of the judgment within 21 days of its entry (see Doc. 33 (indicating that the Court's dismissal order and judgment were returned as undeliverable)).

The next condition requires that the motion to reopen be filed by the *earlier* of two alternative dates: within 180 days of the judgment (which was February 27, 2013) or within 14 days after receiving notice of the judgment. Plaintiff's affidavit does not provide an exact date that he received notice of the judgment; instead, he alleges that he learned of the judgment in "early January 2013" (Doc. 41). The record reflects that the Clerk of Court re-mailed copies of the Court's dismissal order and judgment on January 16, 2013 and Plaintiff delivered his motion to reopen to prison officials on February 12, 2013, or 27 days later.[1] Thus, even allowing time for Plaintiff to receive the Court's judgment after it was mailed, his motion to reopen is untimely. This conclusion is bolstered by Plaintiff's avowal that he learned of the judgment in early January and did not file his motion to reopen until February 14. As discussed, because these time limits are jurisdictional, the Court has no discretion to

---

[1] See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the prison mailbox rule articulated in Houston v. Lack, 487 U.S. 266, 270-71 (1988), to section 1983 lawsuits by pro se prisoners).

- 2 -

grant Plaintiff's motion under these circumstances. Thus, the Court need not reach the third condition and Plaintiff's motion to reopen must be denied.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Notice of Appeal, construed as a motion to reopen the time to file a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), is **denied**.

(2) The Clerk of Court must send a copy of this Order to the Ninth Circuit Court of Appeals referencing appeal number 13-15297.

DATED this 27th day of March, 2013.

David G. Campbell
United States District Judge